# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TYLER NAQUIN** | **DOCKET NO.** _____ |
| **VERSUS** | **JUDGE** _____ |
| **MAGNOLIA FLEET, LLC** | **MAGISTRATE JUDGE** _____ |

## COMPLAINT FOR DAMAGES

**NOW INTO COURT**, through undersigned counsel, comes Petitioner, **TYLER NAQUIN,** a person of the full age of majority and a domiciliary of the Parish of Terrebonne, State of Louisiana, who respectfully represents to this court the following, to-wit:

1.

This action arises under the Admiralty and General Maritime Law of the United States pursuant to 28 U.S.C. § 1333 and alternatively, the Jones Act, 46 USC § 688, and alternatively, Section 905(b) of the Longshore and Harbor Workers Compensation Act, and alternatively, under the Outer Continental Shelf Act, 43 USC § 1331, and pursuant to 28 USC § 1331 and 1367 on the supplemental jurisdiction of this Court to entertain claims arising under Louisiana State Law.

2.

Made Defendants herein are:

a) **MAGNOLIA FLEET, LLC,** upon information and belief, a business corporation authorized to do and doing business, at all times relevant, within the State of Louisiana;

This is an action by a seaman without prepayment of costs, pursuant to Section 1916 of the Judicial Code, 28 USC § 1916. The action is brought under the admiralty law as modified by the Jones Act, 46 USC 688.

4.

Defendants are indebted, jointly, severally, and *in solido*, for the following:

On October 25, 2016, TYLER NAQUIN was employed for MAGNOLIA FLEET, LLC, and was working and assigned on a vessel called the Grayson Tug Boat owned by MAGNOLIA FLEET located and operating on the navigable waterway in the parish of Calcasieu, Louisiana.

5.

TYLER NAQUIN completed a full day of work on the Grayson and was in his cabin sleeping when his supervisor Jason Naquin woke him up at 3:00am to assist the other crew members with building a barge since they were shorthanded on the vessel.

6.

TYLER NAQUIN was operating on three hours of sleep when he was forced to assist the other crew members prepare to build a barge. The crew was then placed on standby while waiting for the other barge to arrive, they were not allowed to sleep during the standby period.

7.

When the next barge arrived TYLER NAQUIN informed his supervisor that the cheater pipe was way too big for the wenches. Jason Naquin told TYLER NAQUIN that was all they had so they would need to make do with it and he would try to get new cheater pipe for the next crew change.

TYLER NAQUIN was tightening the cheater pipe even though it was too big and it slipped off and hit him in the chest, knocking him down on his back and then off the upper portion of the barge to the lower portion of the barge.

9.

Based on the above facts, the negligence of the defendants were a cause-in-fact of the accident described herein and the resultant injuries to Petitioner in the following, non-exclusive particulars:

a)  Failing to provide Petitioner with a safe place to work;

b)  Failing to discover the hazardous condition aboard the vessel;

c)  Creating the hazardous condition by not having the proper sized equitpment;

d)  Failing to discover work being performed in a hazardous manner or under hazardous circumstances;

e)  Failing to warn Petitioner of the hazardous conditions aboard the vessel;

f)  Allowing an unsafe condition to exist aboard the vessel;

g)  Failing to listen to the warnings of Petitioner that would have prevented the accident; and

h)  Failing to provide a seaworthy vessel.

10.

The acts and/or omissions of negligence of the defendants were a legal and proximate cause of the injuries sustained by Petitioner, TYLER NAQUIN, both as to the breaches of duty owed to the Petitioner under the Jones Act and the General Maritime Laws of the United States.

In addition to the acts and/or omissions of negligence complained of herein above, Petitioner asserts that the unseaworthy conditions of the vessel caused and contributed to his accident and related injuries.

12.

Further, Petitioner contends that nothing he did or failed to do caused or contributed to his accident and related injuries.

13.

As a result of the accident, Petitioner was injured, included but not limited to injuries to his neck and shoulder, for which he is due damages as follows:

   a) Pain and suffering; past, present, and future, in an amount reasonable in the premises;

   b) Mental anguish and anxiety; past, present, and future, in an amount reasonable in the premises;

   c) Medical bills and expenses; past, present, and future, in an amount reasonable in the premises;

   d) Residual physical and mental impairment; past, present, and future, in an amount reasonable in the premises;

   e) Disability and/or disfigurement; past, present, and future, in an amount reasonable in the premises;

   f) Loss of enjoyment of life and other hedonic damages; past, present, and future, in an amount reasonable in the premises.

**WHEREFORE**, Petitioner, TYLER NAQUIN, prays that this petition be filed and that defendants, MAGNOLIA FLEET, LLC, be duly cited and served with a copy of same and, that after legal delays and due proceedings had there be judgment in favor of plaintiff and against defendants for a full and true sum of an amount reasonable in the premises to be proven at the

trial on the merits of this matter, together with legal interest from date of judicial demand until paid, and for all costs of these proceedings and all other just and equitable relief.

Respectfully submitted:

s/L. Clayton Burgess
L. CLAYTON BURGESS (22979)
Attorney for plaintiff
L. Clayton Burgess, A P.L.C.
605 West Congress Street
Lafayette, Louisiana 70501
Telephone: (337) 234-7573
Facsimile: (337) 233-3890
E-mail:lcburgess@clayburgess.com

Counsel for the Complainant